# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEEM L. JACKSON, | CASE NO. 1:07-cv-01414-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE FOURTH AMENDMENT CLAIM |
| v. | |
| CDCR EMPLOYEES, et al., | |
| Defendants. | (Doc. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Fateem L. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 27, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

Plaintiff is currently housed at Centinela State Prison in Imperial. The events giving rise to the claims at issue in this action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi. Plaintiff alleges violations of the Fourth Amendment, Eighth Amendment, and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, arising from the implementation of a policy allowing female correctional officers to conduct or observe strip searches of male inmates.

### A.  Privacy Claim

Plaintiff alleges that his right to privacy under the Fourth Amendment was violated. The Fourth Amendment protects prisoners from unreasonable searches and seizures. Strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest are not reasonable. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). Neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has yet held that prisoners retain *no* privacy rights under the Fourth Amendment. Hudson v. Palmer, 468 U.S. 517, 530 (1984) ("Fourth Amendment proscription against unreasonable searches does not apply *within confines of the prison cell*.") (emphasis added); Bell v. Wolfish, 441 U.S. 520, 558 (1979) ("assuming [without deciding] that inmates, both convicted prisoners and pretrial detainees, retain some Fourth Amendment rights upon commitment to a correctional facility . . . ."); Somers v.

Thurman, 109 F.3d 614 (9th Cir. 1997). Accordingly, Plaintiff's allegations that he was subjected to cross-gender strip searches is sufficient to give rise to a claim under section 1983 against Defendants Pantoja, Wood, Sandoval, Yoder, Selbach, Fernandez, Smith, Buentempo, Rubin, Ortiz, and Payan, all of whom are female and either conducted or observed the searches.

However, Plaintiff may not impose liability on a defendant under section 1983 unless he or she was involved in the deprivation of the identified right. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick, 500 F.3d at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff is seeking to impose liability on some of the named defendants because they issued decisions on the inmate appeal he filed grieving the policy. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The defendants involved in the appeals process neither instituted the policy at issue nor participated in the strip searches, and consideration of Plaintiff's appeal does not provide a basis upon which to impose liability. Accordingly, Plaintiff fails to state a claim against Defendants Matzen, Carrasco, Gonzales, and Grannis.

The remaining defendant, Zanchi, issued a memorandum mandating that all inmate workers be strip searched. Plaintiff alleges that Defendant Zanchi knew or should have known that the memo would cause further constitutional violations. These allegations are not sufficient to support a claim under section 1983. The memo does not authorize cross-gender strip searches and Plaintiff has not alleged any facts supporting a claim that Defendant Zanchi participated in, was responsible for, or knowingly failed to prevent the searches.

///

B. **Eighth Amendment Claim**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

The complaint does not set forth any allegations which would support a claim that the cross-gender strip searches rose to the level of an Eighth Amendment violation, and Plaintiff's allegation that inmates had to consent to the searches or face receiving a rules violation does not support an Eighth Amendment claim.

4

### C. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although Plaintiff alleges that the cross-gender strip search policy violates the Equal Protection Clause because female inmates are not subject to it, Plaintiff has not alleged any facts which would support a claim that the named defendants treated one group of inmates differently than another. Accordingly, Plaintiff fails to state an equal protection claim.

### D. Declaratory Relief Claim

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368

(9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Plaintiff is no longer housed at CCI, rendering his claim for declaratory relief moot.  For these reasons, this action should proceed as one for money damages only.

### III.     Conclusion and Order

Plaintiff's complaint states a claim under the Fourth Amendment against Defendants Pantoja, Wood, Sandoval, Yoder, Selbach, Fernandez, Smith, Buentempo, Rubin, Ortiz, and Payan.  However, the complaint does not state any other claims for relief and does not state any claims against Defendants Matzen, Carrasco, Gonzales, Grannis, and Zanchi.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Pantoja, Wood, Sandoval, Yoder, Selbach, Fernandez, Smith, Buentempo, Rubin, Ortiz, and Payan on his Fourth Amendment claim, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Matzen, Carrasco, Gonzales, Grannis, and Zanchi and Plaintiff's other claims be dismissed from this action.  The Court will also forward Plaintiff eleven summonses and eleven USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

        Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Pantoja, Wood, Sandoval, Yoder, Selbach, Fernandez, Smith, Buentempo, Rubin, Ortiz, and Payan on his Fourth Amendment privacy claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:  May 15, 2008**                  **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE